IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:15-CR-35-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | O R D E R |
| BRIAN PERSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court for a hearing on the competency of Defendant Brian Person ("Defendant") to determine whether Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, in accordance with 18 U.S.C. §§ 4142 and 4247(d). At the hearing the government was represented by Assistant United States Attorney Lawrence Cameron and Defendant, who was present in the courtroom, was represented by Maitri Klinkosum. The court advised Defendant of his rights under 18 U.S.C. § 4247(d), which Defendant indicated he understood, and Defendant indicated further he was prepared to go forward with his case.

Pursuant to the court's order of September 25, 2015, a Forensic Neurocognitive Evaluation ("Forensic Evaluation") was performed on Defendant by Kristine Herfkens, PhD, a report of which dated October 20, 2015, was filed with the court on December 11, 2015. Thereafter, Dr. Herfkens submitted two addenda to her report, each of which has been filed. A copy of the Forensic Evaluation and addenda have been provided to counsel in advance of the hearing. According to the Forensic Evaluation, Dr. Herfkens reached the following conclusions relevant to Defendant's competency: (1) Defendant functions in the Mild Intellectual Disability range, with low IQ and adaptive deficits in academic, personal and occupational abilities; (2)

Defendant is illiterate and has an impaired ability to comprehend and glean substantive information from orally presented material; and (3) Defendant is vulnerable to manipulation as a result of his weakened intellectual and adaptive abilities. According to Dr. Herfkens, however, although Defendant is limited intellectually, there is no reasonable cause to believe he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense. The government offered no further evidence beyond Dr. Herfken's Forensic Evaluation. Defendant did not contest the findings of the Forensic Evaluation or present any evidence.

After consideration of the position of the parties and the findings contained in the Forensic Evaluation, the court does not find by a preponderance of the evidence, pursuant to 18 U.S.C. § 4141(d), that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

A finding that Defendant is mentally competent to stand trial shall not prejudice him in raising the issue of his insanity as a defense to the offense charged, and shall not be admissible as evidence at trial for the offense charged. 18 U.S.C. § 4241(f).

So ordered, the 17th day of February 2016.

Robert B. Jones, Jr.
United States Magistrate Judge